United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims Series 44, LLC, Plaintiff, <br><br> v. <br><br> State Farm Mutual Automobile Insurance Company, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 22-24170-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

## Order

This matter is before the Court on the Defendant, State Farm Mutual Automobile Insurance Company's ("State Farm") motion to dismiss Count Three of the Plaintiff, MSP Recovery Claims, Series LLC's ("MSP Recovery") amended complaint. (Mot., ECF No. 21.) MSP Recovery has responded (Resp., ECF No. 22), and State Farm has timely replied (Reply, ECF No. 23). The Court has reviewed the briefing, the record, and the relevant legal authorities, and is otherwise fully advised on the premises. For the reasons stated below, the Court **grants** the motion to dismiss. (**Mot., ECF No. 21**.)

1. **Background**

In this action, MSP Recovery seeks Medicare reimbursement payments under Title XVIII of the Social Security Act, 42 U.S.C. § 1395. MSP Recovery's complaint against State Farm is one of numerous similar actions that have been filed by MSP Recovery and other related entities in district courts throughout the United States. These cases tend to involve similar sets of allegations, that MSP Recovery or one of its affiliates obtained an assignment from a Medicare Advantage Organization ("MAO"), to try to recover money linked to payments made or costs incurred by such MAO for the medical treatment of their enrollees who were injured in accidents. (*See* Am. Compl. ¶¶ 1, ECF No. 17.)

The Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. §§ 1395y, *et seq.* were enacted to combat the rising costs of Medicare. The MSP reformed the Medicare system such that Medicare and MAOs became secondary payers who would not bear the costs of medical procedures that were already covered by primary payers, *i.e.*, other private insurance companies. Under the MSP, Medicare and MAOs could still make "conditional payments" to cover the medical bills of their beneficiaries where a primary payer, such as State Farm, could not be expected to remit prompt payment.

Where Medicare or an MAO "has made a conditional payment, the primary payer's 'responsibility for such payment' has been 'demonstrated,' as by a judgment or settlement agreement" and the primary payer is responsible to reimburse Medicare or the MAO within 60 days. *See MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305, 1309 (11th Cir. 2020). When a primary payer fails to remit such payment, Medicare can seek double damages from the primary payer under the MSP's right of action for the government. *Id.* Assignees of MAOs, likewise, can seek double damages under the MSP's private right of action. *Id.*

Here, MSP Recovery brings three claims: one claim under the MSP Act's private cause of action, one claim for breach of contract, and one claim for declaratory judgment. (Am. Comp. ¶¶ 36–53, ECF No. 17.) To support those claims, MSP Recovery alleges that State Farm, as a primary payer, has failed to reimburse the MAO at issue here for medical expenses incurred by a patient, identified as "V.R.," resulting from a June 7, 2020, accident. (*Id.* ¶¶ 13–17, 20.) MSP Recovery pleads that the medical expenses at issue were "valued at $3,395.32" and attaches an exhibit supporting that claim. (*Id.* ¶ 17, Ex. A.) MSP Recovery also alleges that it "has the legal right to pursue this MSP Act claim pursuant to valid assignment agreements." (*Id.* ¶ 30.)

State Farm moves to dismiss MSP Recovery's claim for declaratory judgment (Count Three), arguing, among other things, that it is duplicative of MSP Recovery's claim under the MSP Act's private cause of action (Count One). (Mot. 3–5, ECF No. 21.) MSP Recovery, in response, maintains that Count Three is not duplicative of Count One. (Resp. 2–5, ECF No. 22.)

## 2. Legal Standard

Federal Rule of Civil Procedure 12(f)[1] provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court has "broad discretion" when it considers a motion to strike under Rule 12(f). *See, e.g., Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (Ryskamp, J.). Rule 12(f) motions to strike are not favored, however, and are "regularly 'denied unless the challenged allegations have no possible

---

[1] State Farm does not specify the federal rule on which it moves to dismiss, so the Court interprets its motion as being made pursuant to Rule 12(f). Because Rule 12(b)(6) tests the sufficiency or validity of a claim, various courts have found that Rule 12(f) is the more appropriate rule to move to dispose a claim on grounds of redundancy. *See Nat'l Ins. Consulting Grp., LLC v. Kandel*, No. 1:19-cv-22373-KMM, 2020 U.S. Dist. LEXIS 263945, at *4 (S.D. Fla. Jan. 15, 2020) (Moore, J.) (compiling cases); *Casey v. City of Miami Beach*, No. 04-22093-CIV-JORDAN, 2005 U.S. Dist. LEXIS 54142, at *2 n.2 (Jordan, J.) (S.D. Fla. Feb. 11, 2005).

relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004)).

### 3. Analysis

In Count Three of its Amended Complaint, MSP Recovery "seeks a Declaratory Judgment from this Court establishing that, under federal law, Defendant has a historical, present, and continuing duty to reimburse Plaintiff's assignor[, Health First Health Plans, Inc. ("HFHP"),] for payments made on behalf of V.R.'s accident-related medical expenses." (Am. Compl. ¶ 53, ECF No. 17.) State Farm argues that this count should be dismissed as duplicative of Count One, where MSP Recovery alleges a private cause of action under 42 U.S.C. § 1395y(b)(3)(A) for reimbursement of the amounts advanced by HFHP as conditional payments. *Id.* ¶ 41. The two counts, State Farm argues, are based on the same underlying allegations, will be determined by the same legal standard, and necessarily involve the same legal issues. The Court agrees.

The federal Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Courts have discretion in deciding whether to allow a declaratory action to proceed. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 284, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). Thus, while the Declaratory Judgment Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citation omitted). The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment[.]" *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (citation omitted).

"Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Manning v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 128835, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (quoting *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)); *see also Giambra v. Wendy's Int'l, Inc.*, No. 8:08-CV-2016-T-27EAJ, 2009 U.S. Dist. LEXIS 50357, 2009 WL 1686677, at *2 (M.D. Fla. June 16, 2009) (dismissing negligent supervision claim as duplicative of respondeat superior claim because the two claims were "based on the same facts"). "To promote judicial economy, a court should

dismiss claims that are duplicative of other claims." *Manning*, 2012 U.S. Dist. LEXIS 128835, 2012 WL 3962997, at *2 (cleaned up).

Here, MSP Recovery's declaratory judgment claim is based on the same underlying facts as its private cause of action pursuant to § 1395y(b)(3)(A)—namely, on HFHP's having made a payment for V.R.'s accident-related medical expenses for which State Farm failed to reimburse it despite being the primary payer. Because the two counts ultimately seek a determination that State Farm is obligated to reimburse MSP Recovery, as assignee, under the MSP Act, they necessarily raise the same issues and will need to be determined by following the same standards. For the same reasons, they also implicate identical relief: again, a determination of State Farm's duty of reimbursement for V.R.'s accident-related medical expenses.

MSP Recovery does not meaningfully rebut State Farm's argument that Count Three is duplicative of Count One. While MSP Recovery argues that it has properly alleged a claim for declaratory relief, the issue is not whether that claim has been properly pled, but rather whether it should be dismissed as duplicative. MSP Recovery also argues that the two counts serve distinct purposes because Count One seeks money damages wile Count Three seeks to adjudicate the scope and effect of State Farm's reimbursement obligations. But this argument is not compelling because the practical effect of MSP Recovery succeeding under either count will be the same. Moreover, MSP Recovery neither alleges nor argues that State Farm's failure to reimburse HFHP for V.R.'s accident-related medical expenses will continue beyond the conduct that gave rise to the instant suit.

Finally, the Court notes that various other courts addressing nearly identical claims have reached the same result. *See, e.g.*, *MSP Recovery Claims Series 44, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-24131, 2023 U.S. Dist. LEXIS 86991, at *6 (S.D. Fla. May 16, 2023) (Bloom, J.) ("[C]ourts in this district have dismissed equitable claims that rely on the same factual predicates as legal causes of action."); *MSPA Claims 1, LLC v. Liberty Mut. Ins.*, No. 1:15-cv-21417-UU, 2015 U.S. Dist. LEXIS 99188, at *6 (S.D. Fla. July 22, 2015) (Ungaro, J.). For the reasons explained above, the Court agrees with their conclusions on this issue.

### 4. Conclusion

Accordingly, State Farm's motion to dismiss Count Three of the amended complaint—treated as a motion to strike Count Three under Rule 12(f)—is **granted**. (**Mot., ECF No. 21**.)

**Done and ordered**, in Miami, Florida, on July 14, 2023.

Robert N. Scola, Jr.
United States District Judge